AO 241 (Rev. 09/17)

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Middle Louisiana |
|---|---|
| Name (under which you were convicted): Gary T. Gorman | Docket or Case No.: 3:20-cv-108 |
| Place of Confinement: On Parole | Prisoner No.: 211864 |
| Petitioner (include the name under which you were convicted) Gary T. Gorman | v. Respondent (authorized person having custody of petitioner) Janet B. Labarre |
| The Attorney General of the State of: Louisiana | |

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   21st Judicial District Court
   Parish of Livingston
   State of Louisiana

   (b) Criminal docket or case number (if you know): 27,344

2. (a) Date of the judgment of conviction (if you know): October 12, 2013

   (b) Date of sentencing: December 19, 2013 (Exhibit A)

3. Length of sentence: 7 years hard labor and $270,000 restitution

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   La RS 14:93.4 Exploitation of the Infirmed

6. (a) What was your plea? (Check one)

   ☒ (1)  Not guilty        ☐ (3)  Nolo contendere (no contest)
   ☐ (2)  Guilty            ☐ (4)  Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: First Circuit Court of Appeal
(b) Docket or case number (if you know): 2014-KA-1108
(c) Result: Conviction and sentence affirmed
(d) Date of result (if you know): March 6, 2015
(e) Citation to the case (if you know): 166 So3d 356
(f) Grounds raised: The court allowed an alleged victim to give unsworn live testimony at trial; gave jurors conflicting instruction regarding reciept of the victim's testimony; erroneously instructed the jury the victim was incompetent before reciept of any evidence regarding competency; and, lack of sufficent evidence of guilt.
(g) Did you seek further review by a higher state court?  ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court: Louisiana Supreme Court
(2) Docket or case number (if you know): 2015-K-0680
(3) Result: Certiorari Denied

(4) Date of result (if you know): February 19, 2016

(5) Citation to the case (if you know): 186 So3d 1173

(6) Grounds raised: Trial court erred in allowing unsworn testimony of the alleged victim and curtailed cross examination and allowed conviction to stand based on insufficent evidence.

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court: 21st Judicial District Court

(2) Docket or case number (if you know): 27,344

(3) Date of filing (if you know):

(4) Nature of the proceeding: Post Conviction Relief

(5) Grounds raised: Violation of 6th Amendment rights to a fair and impartial trial and confrontation. 14th Amendment due process right to a fundamentally fair proceeding. The Court allowed alleged victim to give unsworn testimony to the jury and severely curtailed cross examination of the alleged victim.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☒ Yes  ☐ No

(7) Result: After permitting only limited examination of trial counsel for the defendant relief was denied.

AO 241 (Rev. 09/17)

    (8) Date of result (if you know): ___October 26, 2017___

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

        ☐ Yes    ☐ No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes   ☐ No
(2) Second petition:  ☐ Yes   ☐ No
(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** 6th Amendment right to fair trial and confrontation

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial court allowed alleged victim to testify before the jury unsworn; gave conflicting instructions to the jury regarding the testimony; and, significantly abridged the defendant's right to confrontation and cross examination of the alleged victim.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c)     **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: **Post Conviction Relief**

    Name and location of the court where the motion or petition was filed: **21st Judicial District Court, Parish of Livingston**

    Docket or case number (if you know): **27,344**

    Date of the court's decision: **October 26, 2017**

    Result (attach a copy of the court's opinion or order, if available): **Relief Denied. (Exhibit B)**

    (3) Did you receive a hearing on your motion or petition?    ☒ Yes    ☐ No

    (4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: **First Circuit Court of Appeal**

    Docket or case number (if you know): **2018-KW-0017**

    Date of the court's decision: **March 23, 2018**

    Result (attach a copy of the court's opinion or order, if available): **Denied (Exhibit C)**

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: Louisiana Supreme Court 2018-KP-0647 Writ Denied February 25, 2019 (Exhibit D)

**GROUND TWO:** Due Process Right to a Fair Trial

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The district court, over objection, allowed the victim to testify without taking an oath, gave conflicting instructions to the jury regarding consideration of this testimony and severely curtailed the defendant's right to confront and cross examine the witness.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☒ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction Relief

Name and location of the court where the motion or petition was filed: 21st Judicial District Court, Parish of Livingston

Docket or case number (if you know): 27,344

AO 241 (Rev. 09/17)

Date of the court's decision: _October 26, 2017_

Result (attach a copy of the court's opinion or order, if available): _Relief Denied (Exhibit B)_

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _First Circuit Court of Appeal_

Docket or case number (if you know): _2018-KW-0017_

Date of the court's decision: _March 23, 2018_

Result (attach a copy of the court's opinion or order, if available): _Writ Denied (Exhibit C)_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _Louisiana Supreme Court 2018-KP-0647 Writ Denied February 25, 2019 (Exhibit D)_

**GROUND THREE:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No
(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): _____

AO 241 (Rev. 09/17)

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

(c)    **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ❏ Yes    ❏ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❏ Yes    ❏ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

AO 241 (Rev. 09/17)

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

    (4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

_____

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    No

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: Michael A. Betts

    (b) At arraignment and plea: Michael A. Betts 171 Del Orleans Avenue, Denham Springs, La 70726

    (c) At trial: Michael A. Betts

    (d) At sentencing: Michael A. Betts

    (e) On appeal: S. Steven Spring 733 East Airport Avenue Suite 104 Baton Rouge, La 70806

    (f) In any post-conviction proceeding: J. Arthur Smith III, 830 North Street, Baton Rouge, La 70802

    (g) On appeal from any ruling against you in a post-conviction proceeding: J. Arthur Smith III

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   ☐ Yes   ☒ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   ☐ Yes   ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

    The Louisiana Supreme Court denied Writs on February 25, 2019 (Exhibit D). Gary Gorman remains on parole until October 1, 2020. (Exhibit E)

AO 241 (Rev. 09/17)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

  (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Vacate Mr. Gorman's Conviction or grant any relief that is just and equitable under the premise.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  02/25/20  (month, date, year).
GTG

Executed (signed) on  02/25/20  (date).

_____
Gary T. Gorman
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

Print   Save As...   Reset