UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

| | | |
|---|---|---|
| **GARY GORMAN** | : | **CASE NUMBER:** 3:20-cv-108 |
| | : | |
| **VERSUS** | : | |
| | : | |
| **JANET B. LABARRE** | : | |

---

### MEMORANDUM IN SUPPORT OF WRIT OF HABEAS CORPUS

**MAY IT PLEASE THE COURT:**

### I. STATEMENT OF THE CASE

Gary Thomas Gorman was charged by Bill of Information with the crime of Exploitation of the Infirmed under La. R.S. 14:93.4. He was tried before a jury and convicted on October 12, 2013. On December 19, 2013, he was sentenced to seven (7) years at hard labor and ordered to pay $270,000 in restitution. His conviction and sentence were affirmed on direct appeal by the First Circuit Court of Appeal on March 6, 2015. *State v. Gorman,* 14-1108 (La. App. 1st Cir. 3/6/15), 166 So.3d 356, 358. His application for writs of certiorari was denied by the Louisiana Supreme Court on February 19, 2016. *State v. Gorman,* 15-0680 (La. 2/19/16), 186 So.3d 1173.

Mr. Gorman thereafter filed an application for post conviction relief *pro se.* The application was later amended through undersigned counsel. The application was denied after an evidentiary hearing which occurred on October 27, 2017. The First Circuit Court of Appeal denied writs on March 23. 2018 and the Louisiana Supreme Court denied writs on February 25, 2019.

## II.  SUMMARY OF ARGUMENT

The state courts allowed the jury to hear substantial unsworn testimony of the alleged victim as to material issues in this case. The trial judge in the criminal trial gave contradictory instructions to the jury, including an instruction that the purpose of allowing the alleged victim's "testimony" was so that the jury could "see and evaluate her present conduct." The trial court further made this determination before any evidence regarding competency of the alleged victim had been introduced. Mr. Michael Betts, trial counsel for Mr. Gorman, testified at the limited evidentiary hearing held on Mr. Gorman's application for post conviction relief that the trial judge's allowance of unsworn testimony was severely prejudicial to the defense.

The First Circuit Court of Appeal sanctioned the trial judge's severe limitation on the Defendant's cross-examination of the alleged victim. Mr. Betts testified that this limitation was also prejudicial to the defense. These limitations violated the Mr. Gorman's constitutional rights under the 6th Amendment to the Constitution to be confronted with the witnesses against him and the 14th Amendment guarantee of a fundamentally fair and just proceeding.

The district judge who was assigned to hear and decide the Mr. Gorman's Application for Post-Conviction Relief was of the opinion that he could not or should not review the merits of this claim asserted in the Application for Post-Conviction Relief, finding that the issues therein had already been fully litigated on appeal. However, the Mr. Gorman respectfully submits that on direct appeal the state courts did not reach the constitutional issue as to whether the trial error, found by the First Circuit Court of Appeal, was of constitutional dimension. See *Gorman,* 166 So.3d at 369-70. Mr. Gorman most respectfully submits that this court can and should review the merits of his constitutional claims.

### A. Sixth Amendment Rights To A Fair And Impartial Trial And To Confront Witnesses

Mr. Gorman alleges that he was deprived of his right to a fair and impartial trial (including his right to confront and cross-examine witnesses) under the 6th Amendment to the Constitution because the trial court allowed the alleged victim to "testify" before the jury without ever taking an oath, and instructed the jury to consider this "testimony," but significantly abridged the Defendant's right to cross-examine the alleged victim.

On direct appeal the First Circuit found that, while the trial judge's decision to allow a conviction and a sentence of substantial imprisonment was legal error, the error was "harmless," the Court of Appeal stated:

> Despite the trial court's erroneous ruling, we nonetheless find such error to be harmless. Louisiana Code of Criminal Procedure article 921 states that "[a] judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused." The test for determining whether an error is harmless is whether the verdict actually rendered in this case "was surely unattributable to the error." *Sullivan v. Louisiana,* 508 U.S. 275, 279, 113 S.Ct. 2078, 2081 (1993).

*Gorman,* 166 So.3d at 370. Mr. Gorman respectfully submits that the testimony of Mr. Betts, submitted at the evidentiary hearing of his application, shows that the trial court's legal error at the original trial was severely prejudicial to the defense and was an error of constitutional magnitude. As such, it cannot be correctly determined that the verdict was "surely unattributable to the error."

In *In re Custody of Landry,* 95-0141 (La. App. 1st Cir. 10/6/95), 662 So.2d 169, 172 the court concluded that such an error was of constitutional magnitude. The court held that, if unsworn testimony is allowed at trial (which is "clear error"), the *only* question becomes "whether or not 'a substantial right of the party is affected' under La. C.E. art. 103." The court then found that a substantial right had been affected because the rights to "confront and cross- examine witnesses" are "essential to due process" and "among the minimum essentials of a fair trial." *Id* at 173, citing

*Specht v. Patterson,* 386 U.S. 605 (1967); *Jenkins v. McKeithen,* 395 U.S. 411, 428-429 (1969); and, *Morrissey v. Brewer,* 408 U.S. 471 (1972).

The court in *Landry, supra.* did not analyze the specific circumstances regarding the error or attempt to determine what the jury would have decided if the unsworn testimony had not been prevented; it found that the error was reversible because of the *nature* of the right affected: the constitutional right to a fair trial, including the right to confront and cross-examine witnesses. Here, the trial court's error infringed upon Mr. Gorman's rights in the exact same manner. Because the jury was allowed to hear, consider, and be persuaded by unsworn testimony, Mr. Gorman's rights to a fair trial under the United States Constitution was violated.

Further, if exposing a jury to substantial unsworn testimony on a material issue in the case can *ever* be harmless error, Mr. Gorman respectfully submits that the error was not harmless in this case. Significantly, the harmlessness of an error must be shown" beyond any reasonable doubt." *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824 (1967). Here, it is certainly reasonable to doubt that the jury's verdict would have been the same had it not been exposed to, and instructed to consider, unconstitutionally admitted "testimony." Thus, Mr. Gorman respectfully submits that this error was far from "harmless."

Finally, Mr. Gorman respectfully submits that the error was not rendered harmless by the trial judge's instruction to the jury that the alleged victim's testimony was "not to be considered evidence." See *Gorman, supra.,* at 365. The prejudice caused by exposing the jury to inadmissible testimony cannot be removed by instructing the jurors to "disabuse [their] minds" of the testimony, as "one 'cannot unring a bell'." *Dunn v. United States,* 307 F.2d 883, 885-86 (5th Cir.1962). The Fifth Circuit in *Dunn* held that "[t]rials are rarely, if ever, perfect, but gross imperfections should not go unnoticed." *Id.* The Relator respectfully submits that in the instant case, as in *Dunn,* the judge's instruction to the jury was ineffective, as the jurors could not possibly "un-hear" the

testimony. Further, the trial judge also stated that the purpose of allowing the "testimony" was so that the jury could "see and evaluate her present conduct." *Gorman, supra.,* at 364. This confusing statement contradicted his instruction that the jury ignore her testimony. This statement made the "testimony" even more prejudicial than it would have been if the judge had given no instruction at all.

For these reasons, the Mr. Gorman respectfully submits that the trial judge's error was not harmless but infringed greatly upon his constitutional right to a fair trial, and that his conviction should thus be vacated on these grounds.

### B. Right To Due Process Of Law

The 14th Amendment Constitution provides, in pertinent part, that "[n]o State shall [...] deprive any person of life, liberty, or property, without due process of law [.]". With regard to the liberty interest implicated in criminal prosecutions, the Louisiana Supreme Court has held that "no person [...] can be subjected to prosecution in our courts or be deprived of his liberty except in accordance with the Constitution and laws of the State." *State v. Kiffe,* 210 La. 863, 866, 28 So.2d 459, 460 (1946). Mr. Gorman respectfully submits that, as the process to which he was subjected was unconstitutional for the reasons discussed above, he was deprived of his right to due process under the Constitution of the United States.

**WHEREFORE**, Gary Thomas Gorman, respectfully submits *that habeas corpus* review of this matter is just and proper and further prays that this matter be set for evidentiary hearing and after due consideration his conviction be vacated.

Respectfully submitted;

SMITH LAW FIRM

_____
J. ARTHUR SMITH, III
La. Bar Roll No.: 07730
830 North Street
Baton Rouge, LA 70802
Telephone (225) 383-7716
Facsimile (225) 383-7773
Email:jasmith@jarthursmith.com
*Counsel for Gary Thomas Gorman*