UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GARY T. GORMAN                                                                                 CIVIL ACTION

VERSUS                                                                                              NO. 20-108-JWD-EWD

JANET B. LABARRE, ET AL

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 17, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY T. GORMAN | CIVIL ACTION |
| VERSUS | NO. 20-108-JWD-EWD |
| JANET B. LABARRE, ET AL | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, filed by Petitioner Gary T. Gorman ("Gorman").[1] As more than 500 days elapsed where there was no properly filed and pending application for state habeas relief or other collateral review, and as Gorman has not shown entitlement to equitable tolling, it is recommended that Gorman's application be denied as untimely. There is no need for oral argument or for an evidentiary hearing.

### I.  PROCEDURAL HISTORY

On November 28, 2011, Gorman was charged by Bill of Information in the Twenty-First Judicial District Court for the Parish of Livingston, State of Louisiana for exploitation of the infirm.[2] After a jury trial in September of 2013, Gorman was convicted as charged.[3] On December 19, 2013, Petitioner was sentenced to seven years imprisonment.[4]

Gorman filed a direct appeal to the Louisiana First Circuit Court of Appeal ("First Circuit"). His conviction and sentence were affirmed by the First Circuit on March 6, 2015.[5] On February 19, 2016, the Louisiana Supreme Court denied review on direct appeal.[6]

---

[1] R. Doc. 1.
[2] R. Doc. 6-1, p. 1.
[3] R. Doc. 6-5, pp. 60 through R. Doc. 6-7, pp. 216. The trial began on September 17, 2013, and testimony was heard through September 20, 2013. Due to the unexpected incapacitation of a witness, the trial recessed and resumed on October 1, 2013, which was the date the verdict was rendered.
[4] R. Doc. 6-4, p. 220.
[5] R. Doc. 6-7, pp. 238-258. *State v. Gorman*, 2014-1108 (La. App. 1 Cir. 3/6/15), 166 So. 3d 356.
[6] R. Doc. 6-7, p. 236.

On November 4, 2016, Gorman filed a *pro se* application for post-conviction relief ("PCR application") with the Twenty-First Judicial District Court.[7] Counsel enrolled on his behalf on May 22, 2017.[8] The trial court granted the state's procedural objections and dismissed Gorman's PCR application on October 27, 2017.[9] The First Circuit denied review on March 23, 2018,[10] followed by the Louisiana Supreme Court on February 25, 2019.[11]

Gorman filed the instant, counseled federal habeas application on February 25, 2020, asserting that his Sixth and Fourteenth Amendment rights to a fair and impartial trial, due process, and confrontation were violated because the trial court permitted the alleged victim to give unsworn testimony.[12]

## II.     JURISDICTION[13]

Gorman is not currently incarcerated.[14] He was released with conditions in accordance with La. R. S. 15:571.5 ("diminution of sentence") on or about July 24, 2015.[15] Because it appeared from information submitted with Gorman's habeas petition that the restrictions of his release were removed on October 1, 2020,[16] the Court issued an Order on August 25, 2022 directing Gorman

---

[7] R. Doc. 6-7, pp. 259-263. All references to dates when Gorman filed documents are to the dates the document was signed, rather than filed with the Court, unless he was represented by counsel. The courts of this Circuit have long concluded that the prison mailbox rule generally applies to the filing of pleadings submitted to courts by Louisiana pro se inmates. Pursuant to that rule, an inmate's pleadings are considered filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995); *Vicks v. Griffin*, 07-5471, 2008 WL 553186, at *3 (E.D. La. Feb. 28, 2008).
[8] R. Doc. 6-8, p. 55.
[9] R. Doc. 6-8, p. 35.
[10] R. Doc. 6-8, p. 49.
[11] R. Doc. 6-8, p. 76.
[12] R. Doc. 1.
[13] While no party challenges this Court's subject matter jurisdiction, the Court has an independent obligation to ensure its own jurisdiction. *See The Lamar Co., L.L.C. v. Miss. Transp. Comm.*, 976 F.3d 524, 528 (5th Cir. 2020) ("Every federal court should, on its own, ensure that subject-matter jurisdiction is present"), citing *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).
[14] R. Doc. 1, p. 1.
[15] R. Doc. 1-7.
[16] *Id.; see also,* R. Doc. 1, p. 13.

to advise the Court of his current custodial status.[17] Gorman submitted a *pro se* brief on October 6, 2022 confirming that his parole ended on October 1, 2020.[18] Gorman argues that he met the custody status as of the date his habeas petition was filed because he was still on parole and urges the Court to consider his case even though he has been released.[19]

      There are two distinct issues to be addressed. First, is whether Gorman meets the "in custody" requirement to bring a habeas petition. Because he was still subject to release conditions when his petition was filed in February 2020, Gorman meets the "in custody" requirement.[20] The second issue is whether there remains a live case or controversy under Article III of the Constitution. Federal courts possess limited subject matter jurisdiction and can only consider "actual, ongoing controversies between litigants."[21] A court lacks subject matter jurisdiction over a moot controversy, which exists when a matter "no longer present[s] a case or controversy under Article III, § 2, of the Constitution."[22] The doctrine of mootness "requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, ... parties must continue to have a personal stake in the outcome of the lawsuit.'"[23]

---

[17] R. Doc. 10.
[18] On September 1, 2022, Gorman's counsel filed an unopposed motion to withdraw (R. Doc. 11), which was granted on September 21, 2022. R. Doc. 16.
[19] R. Doc. 17.
[20] *Ojo v. INS,* 106 F.3d 680, 681, n.2 (5th Cir. 1997), citing *Jones v. Cunningham,* 371 U.S. 236, 241–43, (1963) (A prisoner who is within a term of supervised release remains in custody for purposes habeas relief.); *see also Mitchell v. Davis*, No. 19-1317, 2019 WL 3021143, at *2 (N.D. Tex. June 6, 2019), citing 28 U.S.C. §§ 2241(c)(3) ... *Jones v. Cunningham*, 371 U.S. at 243 ("While petitioner's parole released him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in [ ] 'custody' ... within the meaning of the habeas corpus statute."); *Coronado v. U.S. Bd. of Parole*, 540 F.2d 216, 217 (5th Cir. 1976) ("[f]ederal courts have held that the conditions of parole and probation sufficiently restrain the individual to constitute the 'custody' which is a condition of seeking habeas relief under 28 U.S.C. § 2241 and of attacking a sentence under 28 U.S.C. § 2255.")(citations omitted).
[21] *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).
[22] *Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *see also Carr v. Saucier*, 582 F.2d 14, 15 (5th Cir. 1978).
[23] *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020), quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990); *see also Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 396 (5th Cir. 2000) ("[T]o qualify as a case for federal court adjudication, a case or controversy must exist at all stages of the litigation, not just at the time the suit was filed.").

Release from custody may moot a habeas petition[24] unless there are continuing collateral consequences resulting from the conviction.[25] A court should "presume that a wrongful criminal conviction has continuing collateral consequences (or what is effectively the same, [should] count collateral consequences that are remote and unlikely to occur)."[26] However, when a petitioner is truly challenging aspects of his sentence rather than the underlying conviction, that presumption does not apply.[27]

Gorman raises the following grounds for relief in his habeas petition: violation of his Sixth Amendment right to a fair trial and confrontation;[28] and denial of due process.[29] Gorman asks to have his state court conviction vacated.[30] Because Gorman is challenging the validity of his original conviction, the existence of collateral consequences should be presumed, such that there a live case or controversy remains notwithstanding Gorman's release from custody while his habeas petition was pending.

### III.    TIMELINESS

Pursuant to 28 U.S.C. § 2244(d), there is a one-year time period for prisoners in state custody to file federal habeas corpus claims. This time period begins to run on the date judgment

---

[24] *See, e.g., Lane v. Williams*, 455 U.S. 624, 631 (1982); *Lemons v. Swann*, 412 Fed.Appx. 672, 673 (5th Cir. 2011) ("In the context of habeas petitions ... this court has dismissed a petitioner's appeal as moot upon the petitioner's release from custody"); *Sutton v. Johnson*, 235 F.3d 1341, at *1 (5th Cir. 2000), citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("[Petitioner's] habeas claims are moot due to his release to mandatory supervision").
[25] *Spencer*, 523 U.S. at 7.
[26] *Spencer*, 523 U.S. at 8, 10, citing *Sibron v. New York*, 392 U.S. 40, 55-56 (1968) and *Evitts v. Lucey*, 469 U.S. 387 (1985), in which the Supreme Court "held that respondent's habeas challenge had not become moot despite the expiration of his sentence and despite the fact that 'his civil rights, including suffrage and the right to hold public office, [had been] restored,' *id.*, at 391, n. 4. Since he had not been pardoned, we said, 'some collateral consequences of his conviction remain, including the possibility that the conviction would be used to impeach testimony he might give in a future proceeding and the possibility that it would be used to subject him to persistent felony offender prosecution if he should go to trial on any other felony charges in the future.'"
[27] *See, e.g.*, *Spencer*, 523 U.S. at 12-14; *Lane v. Williams*, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot.").
[28] R. Doc. 1, p. 5.
[29] R. Doc. 1, p. 7
[30] R. Doc. 1, p. 15; R. Doc. 1-2, p. 5.

4

becomes final through the conclusion of direct review or through the expiration of the time to seek direct review.[31] A properly filed and pending application for state habeas relief or other collateral review tolls this time period.[32] After a petitioner has proceeded through all stages of direct appellate review in the state courts, the period of direct review also includes the petitioner's right to seek discretionary review before the United States Supreme Court. As a result, after a ruling by the state's highest court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is filed, at the conclusion of the ninety-day time period for seeking review at the Supreme Court.[33]

Gorman's conviction became final on May 20, 2016, at the conclusion of the ninety-day period in which he could have sought further review with the United States Supreme Court of the denial of his direct appeal. **168** untolled days passed until Gorman filed his *pro se* PCR application with the Twenty-First Judicial District Court, on November 4, 2016. Another **364** untolled days passed from the Louisiana Supreme Court's denial of Gorman's writ application on February 25, 2019, until he filed his federal habeas petition on February 25, 2020. With a total of **532** untolled days, more than a year elapsed during which Gorman did not have any properly filed applications for post-conviction or other collateral review pending before the state courts, such that his federal habeas petition is untimely.

This Court must dismiss Gorman's untimely habeas application pursuant to 28 U.S.C. § 2244(d) unless he can establish that he is entitled to statutory or equitable tolling of the limitations period. To establish statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Gorman must show that

---

[31] 28 U.S.C. § 2244(d)(1)(A).
[32] *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019), citing 28 U.S.C. § 2244(d)(2).
[33] *Roberts v. Cockrell,* 319 F.3d 690, 693 (5th Cir. 2003).

5

some state action, in violation of the Constitution or federal law, prevented him from filing a timely petition.[34] Gorman does not seek statutory tolling.

The Fifth Circuit takes a holistic approach to determining whether equitable tolling is warranted—there is no bright line rule[35]—however, equitable tolling is only available "in rare and exceptional circumstances."[36] It is the petitioner's burden to demonstrate that equitable tolling is warranted which generally requires a showing of the following two elements: (1) that the litigant has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[37] "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[38] Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[39] Further, equitable tolling "is not intended for those who sleep on their rights."[40] Thus, a federal habeas petitioner is required to act with diligence[41] and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after a denial by state appellate courts of these applications for relief.[42]

---

[34] *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).
[35] *Diggs v. Vannoy*, 840 Fed.Appx. 779, 781 (5th Cir. 2021) ("Equitable tolling is discretionary, does not lend itself to bright-line rules, and turns on the facts and circumstances of a particular case.") (internal quotations and citations omitted).
[36] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[37] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
[38] *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006), citing *Felder v. Johnson*, 204 F.3d 168, 174 (5th Cir. 2000).
[39] *Tate v. Parker*, 439 Fed.Appx. 375, 376 (5th Cir. 2011), citing *Felder,* 204 F.3d at 171-72 and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).
[40] *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012).
[41] "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence," and equitable tolling decisions must be made on a case by case basis. *Holland v. Florida*, 560 U.S. 631, 649-50, 653 (2010) (internal quotation marks omitted).
[42] *See Ramos v. Director*, Nos. 09-463/09-477, 2010 WL 774986, at *4 (E.D. Tex. Mar. 1, 2010).

Gorman requests equitable tolling on the grounds that he was seriously injured in a car accident six months before the time for filing his PCR application began.[43] Gorman provides no proof of these injuries to substantiate the claim that he was prohibited from filing his PCR application sooner.[44] In any event, even if Gorman did sustain injuries in a 2016 car accident, he cannot establish that he acted with diligence.

A petitioner's diligence is generally examined at three stages when he seeks to toll the period between the denial of a state habeas petition and the filing of his federal application.[45] First, is how long the petitioner waited to file for state habeas relief. Second, is whether the petitioner checked on the status of his pending state application. Third, is how promptly a petitioner files his federal petition after learning that his state petition was denied.[46]

Gorman's situation was created largely because he allowed 364 days to elapse before his counseled federal habeas petition was filed after the Louisiana Supreme Court denied review with regard to his PCR application. Even if Gorman was incapacitated for some time due to a car accident in 2016, only 168 untolled days elapsed before he filed his PCR application on November 4, 2016. He still had 197 days to timely file a federal habeas petition after the conclusion of his post-conviction proceedings. Taking 364 days to file the federal habeas petition without excuse warrants against finding that Gorman pursued his rights with reasonable diligence. Using a holistic approach, Gorman is not entitled to equitable tolling and his habeas petition should be dismissed as untimely.

---

[43] R. Doc. 9, p. 8.
[44] Gorman offers to provide this information upon the Court's request.  *Id.*
[45] *Jackson*, 933 F.3d at 408.
[46] *Id.*

7

### IV. CERTIFICATE OF APPEALABILITY

Should Gorman pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[47] Although Gorman has not yet filed a Notice of Appeal in this case, the Court may address whether he would be entitled to a certificate of appealability.[48] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[49] In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[50] In the instant case, reasonable jurists would not debate the denial of Gorman's application or the correctness of the procedural ruling. Accordingly, if Gorman seeks to pursue an appeal in this case, a certificate of appealability should be denied.

### V. RECOMMENDATION

As Gorman's habeas application is untimely and he has not shown that he is entitled to equitable or statutory tolling, **IT IS RECOMMENDED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody, filed by Petitioner Gary T. Gorman,[51] be **DENIED** and that this proceeding be **DISMISSED WITH PREJUDICE**.

---

[47] 28 U.S.C. § 2253(c)(1)(A).
[48] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[49] 28 U.S.C. § 2253(c)(2).
[50] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis omitted).
[51] R. Doc. 1.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be denied if Petitioner seeks to pursue an appeal in this case.

Signed in Baton Rouge, Louisiana, on January 17, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**